UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUNO CHOINIERE,

    Petitioner,                               Civil Action Number: 2:12-cv-12321

v.                                          HONORABLE STEPHEN J. MURPHY, III

J.S. WALTON,

    Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.    Introduction

Petitioner Bruno Choiniere, currently incarcerated at the Federal Correctional Institution (FCI) in Milan, Michigan, brought this action pursuant to 28 U.S.C. § 2241. Choiniere was sentenced to 151 months in prison, with two years supervised release, for health-care fraud, concealing overpayments of benefits, and money laundering following a trial in the United States District Court for the Northern District of Indiana. The Court finds petitioner has improperly brought this action under § 2241 and therefore, dismisses his petition.

II.    Background

After sentencing, Choiniere filed an appeal in the United States Court of Appeals for the Seventh Circuit claiming the jury instructions and sentence levied were erroneous. On February 28, 2008, the Seventh Circuit affirmed his convictions and sentences. *United States v. Choiniere*, 517 F.3d 967 (7th Cir. 2008). The United States Supreme Court denied his petition for a writ of certiorari on October 5, 2009. *Choiniere v. United States*, 130 S. Ct. 193 (2009).

On December 19, 2006, while his appeal was pending, Choiniere filed a "Petition to Vacate and Grant New Trial," "Request for Criminal investigation," and a "Petition for Change of Appointed Attorney" with the United States District Court for the Northen District of Indiana. See *United States v. Choiniere*, Nos. 3:05-CR-56 AS, 3:07-CV-27 AS, 2007 WL 294251, at *1 (N.D. Ind. Jan. 26, 2007). On January 26, 2007, the district court denied his motions and request for post-conviction relief pursuant to 28 U.S.C. § 2255. *See Choiniere*, 2007 WL 294251, at *3.

On September 2, 2008, Choiniere filed another motion to vacate his sentence under 28 U.S.C. § 2255, this time challenging the court's subject matter jurisdiction and the effectiveness of both trial and appellate counsel. See *Choiniere v. United States*, Nos. 3:07-CV-27 RM, 3:05-CR-56, 2009 WL 112585, at *1 (N.D. Ind. Jan. 14, 2009). The district court denied the motion. *Choiniere*, 2009 WL 112585, at *15. His motion for reconsideration was also denied. *Choiniere v. United States*, Nos. 3:07-CV-27 RM, 3:05-CR-56, 2009 WL 424768, at *1 (N.D. Ind. Feb. 18, 2009).

More recently, Choiniere filed a petition for a writ of habeas corpus under § 2241 in the United States District Court for the Northern District of Indiana, which the court dismissed for lack of jurisdiction because Choiniere is incarcerated in Michigan. *United States v. Choiniere*, Nos. 3:05-CR-56(01) RM, 2012 WL 1424413, at *2 (N.D. Ind. Apr. 23, 2012). Choiniere filed his present petition with this Court on May 29, 2012, signed and dated May 22, 2012. In his petition, he asserts thirty-three claims concerning, among other things, an illegal search, a partial jury, the improper handling of evidence, violation of his due process right to a fair trial, the effectiveness of trial counsel, prosecutorial misconduct, improper sentencing, and cumulative trial errors.

III.   Discussion

    A.   Standard of Review

Upon the filing of a habeas-corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the petition "appears legally insufficient on its face," the Court must dismiss it summarily. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions filed under section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court finds that summary dismissal is appropriate here.

    B.   Claim Improperly Brought Under § 2241

Choiniere brings this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. After a careful reading of Choiniere's petition, however, the Court finds his claims relate to § 2255 subject matter, rather than § 2241 subject matter, because they challenge his conviction and sentence, rather than the execution or manner in which his sentence is being served. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) ("[C]laims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 . . . . [C]laims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under § 2241" (internal citations omitted)). The Court cannot *sua sponte* construe Choiniere's petition as one

3

brought under § 2255 because to do so might prejudice Choiniere if he were to file a subsequent § 2255 petition. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) ("[R]e-characterization of a pro se post-conviction filing as a § 2255 motion involves an inherent risk under AEDPA."). Moreover, Choiniere has not sought permission from the court of appeals to file a second or successive § 2255 petition, as both 28 U.S.C. § 2244(b)(3) and 28 U.S.C. § 2255(h) require.

Pursuant to § 2255's "savings clause," however, a federal prisoner may bring a claim challenging his conviction or the imposition of his sentence under § 2241 if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Charles*, 180 F.3d at 756. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756.

Choiniere has not shown that his remedy under § 2255 is inadequate or ineffective. The only circumstance in which the Sixth Circuit has found § 2255 to be an ineffective or inadequate remedy is when a petitioner states a facially valid claim for actual innocence. *See Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez,* 319 F.3d 799, 804 (6th Cir. 2003). To establish actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v.*

*United States*, 523 U.S. 614, 623 (1998); *see also Martin*, 319 F.3d at 894 (same). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 624. Choiniere has made no such showing.

Because Choiniere seeks to challenge his conviction, but he has not shown that his remedy under § 2255 is inadequate or ineffective, he is not entitled to habeas relief from his criminal convictions and sentences under § 2241. *See Charles*, 180 F.3d at 758 ("The district court properly dismissed Charles's § 2241 habeas corpus petition because Charles again sought to challenge his conviction, and yet he has failed to establish that the remedy afforded under § 2255 is inadequate or ineffective.").

Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Choiniere need not apply for one with this Court or with the Sixth Circuit before seeking to appeal this decision.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the petition for writ of habeas corpus is **DISMISSED.**

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 27, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 27, 2012, by electronic and/or ordinary mail.

                                              <u>Carol Cohron</u>
                                              Case Manager